# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| **IDA HAWKINS,** | * |  |
| **Plaintiff** | * |  |
| **v.** | * | **CIVIL No. 12-cv-1366-JKB** |
| **DR. JOE HAIRSTON,** *et al.*, | * |  |
|  | * |  |
| **Defendants** | * |  |
| * * * * * * | * | * * * * * |

## <u>MEMORANDUM</u>

Ida Hawkins ("Plaintiff") brought this suit against Dr. Joe Hairston, Joan Murphy, Margaret A. Howie and Lawrence Schmidt ("Defendants") alleging employment discrimination on the basis of race, color, sex and age in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.*  Now pending before the Court are Defendants' motion to dismiss (ECF No. 8) and Plaintiff's motion for leave to amend the complaint (ECF No. 5).  The issues have been briefed and no hearing is required.  Local Rule 105.6.  For the reasons set forth below, Defendants' motion will be GRANTED and Plaintiff's motion will be DENIED AS MOOT.

## I.    BACKGROUND[1]

Plaintiff, a 70-year-old African-American woman, was hired by the Baltimore County Public School System in October 2009 as a personal assistant to an elementary school student

---

[1] The facts are recited here as alleged by the Plaintiff, this being a motion to dismiss.  *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

who utilized a wheelchair for mobility purposes.  (*See* Pl. Br. at 1-2, ECF No. 10; Def. Br. at 2-3, ECF No. 8-1.)  On February 23, 2010, Plaintiff was involved in a "verbal altercation" with a Caucasian school employee who allegedly mistreated the student.  (*See* Compl. ¶ 4.)  In response to the incident, the school principal "immediately terminated" Plaintiff and gave the other employee a verbal reprimand.  (Compl. ¶¶ 4, 6; Pl. Br. at 2.)  In response to her termination, Plaintiff filed complaints with several administrative agencies, including the EEOC.  (Compl. ¶ 9; Pl. Br. at 2.)  On June 27, 2011, the EEOC issued Plaintiff a right to sue letter.  (Compl. Ex. 2, ECF No. 1-2.)

On September 21, 2011, Plaintiff filed a lawsuit in connection with her termination in this Court against the Baltimore County Public School System.  *See Hawkins v. Baltimore Cnty. Public Sch. Sys.*, No. 11 Civ. 2726 (JKB).  On October 4, 2011, this Court issued an order reminding Plaintiff of the rules governing service of summons in federal courts.  On January 24, 2012, this Court ordered Plaintiff to show cause why her complaint should not be dismissed for failure to effect service.  After reviewing Plaintiff's response, the Court granted plaintiff an extension of time in which to effectuate service and again referenced the procedural rules governing the service of summons.  On March 16, 2012, this Court dismissed Plaintiff's case without prejudice pursuant to FED. R. CIV. P. 4(m).  On May 9, 2012, Plaintiff filed this suit, alleging employment discrimination on the basis of race, color, sex and age.  (Compl. ¶¶ 3, 5.)  Defendants now move to dismiss the complaint as untimely.

## II.    LEGAL STANDARD

A motion to dismiss under FED. R. CIV. P. 12(b)(6) is a test of the legal sufficiency of a complaint.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  To pass this test, a complaint need only present enough factual content to render its claims "plausible on [their]

face" and enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   The plaintiff may not, however, rely on naked assertions, speculation, or legal conclusions.  *Bell Atl. v. Twombly*, 550 U.S. 544, 556-57 (2007).  In assessing the merits of a motion to dismiss, the court must take all well-pled factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  If after viewing the complaint in this light the court cannot infer more than "the mere possibility of misconduct," then the motion should be granted and the complaint dismissed.  *Iqbal*, 556 U.S. at 679.

A plaintiff filing *pro se* is held to a "less stringent standard[]" than is a lawyer, and the court must liberally construe his claims, no matter how "inartfully" pled.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010) (observing that liberal construction of a complaint is particularly appropriate where a *pro se* plaintiff alleges civil rights violations).   However, even a *pro se* complaint must meet a minimum threshold of plausibility.  *See, e.g., O'Neil v. Ponzi*, 394 Fed. App'x. 795, 796 (2d Cir. 2010).

### III.    ANALYSIS

A plaintiff alleging claims of employment discrimination under Title VII and the ADEA must file suit within 90 days of the receipt of a right to sue letter from the EEOC.  *See Harvey v. City of New Bern Police Dept.*, 813 F.3d 652, 654 (4th Cir. 1987); *see also* 42 U.S.C. § 2000e-16(c); 29 U.S.C. § 626(e).  Neither party disputes the facts that Plaintiff received a right to sue letter from the EEOC on June 27, 2011 and Plaintiff filed this lawsuit on May 9, 2012, outside the 90-day window.  (*See* Pl. Br. at 3; Def. Br. at 5.)  Plaintiff argues that her claims were

nonetheless timely because she filed her first action related to her termination on September 21, 2011, and "the deadline for filing is tolled from the date of the original filing as long as the complaint is re-filed within 90 days of the date of the dismissal without prejudice."  (Pl. Br. at 4.) This argument is contrary to Fourth Circuit precedent.  *See Carter v. Univ. of W. Va. Sys., Bd. of Trustees*, 23 F.3d 400 (Table), *1 n.* (4th Cir. 1994) (holding that dismissal without prejudice of Title VII claim was a final decision of the district court because "the time period for filing [plaintiff's action] had run by the time the case was dismissed"); *see also Angles v. Dollar Tree Stores, Inc.*, 2012 WL 4017391, *3 (4th Cir. September 13, 2012) ("a Title VII complaint that has been filed but then dismissed without prejudice does not toll the 90-day limitations period").[2] Therefore, Plaintiff's claims are untimely.

## IV.   CONCLUSION

Accordingly, an order shall issue GRANTING Defendants' motion to dismiss (ECF No. 8), DENYING AS MOOT Plaintiff's motion for leave to amend the complaint (ECF No. 5), and CLOSING this case.


Dated this 8th day of November, 2012


BY THE COURT:


_____/s/_____
James K. Bredar
United States District Judge

---

[2] In addition, Plaintiff misstates the holdings of *Elmore v. Henderson*, 227 F.3d 1009, which is consistent with the Fourth Circuit rule.  *See id.* at 1011 ("The rule is therefore as we stated it: when a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit, so that if the statute of limitations has run the dismissal is effectively with prejudice.").